IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DANNIE LEE SAMUELS, JR.,       )
                               )
           Petitioner,         )
                               )
       v.                      )       CV 113-185
                               )
DENNIS BROWN, Warden,          )
                               )
           Respondent.         )
_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Hancock State Prison in Sparta, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.      BACKGROUND

This case challenges the validity of Petitioner's convictions for a litany of offenses in the Superior Court of McDuffie County, Georgia. On June 12, 2006, a McDuffie County grand jury indicted Petitioner for malice murder, felony murder, aggravated assault, rape, aggravated sodomy, aggravated battery, and concealing the death of another. (Doc. no. 20-3, pp. 6-10.) The Supreme Court of Georgia provided the following description of facts underlying the offenses based on the evidence offered against Petitioner at trial:

After the victim failed to show up for a prearranged appointment with a friend, police were called to her residence. They found the victim's bedroom in disarray and blood stains present on the floor, bedding and items of her clothing. The victim's body was found later that day partially submerged in a local lake. The cause of death was manual strangulation along with blunt force trauma to the head, chest and extremities. Forensic evidence also established vaginal and anal injuries consistent with forcible and violent penetration.

Vaginal swabs taken from the body were tested for DNA, and the results were run through the DNA computer index system. When a match for [Petitioner's] DNA was found, he was arrested and taken to the GBI office. After receiving *Miranda* warnings, [Petitioner] executed a waiver of rights and agreed to speak with the investigating officers. He subsequently confessed that he raped and killed the victim, dragged her body from her home, and left it at the lake.

Samuels v. State, 701 S.E.2d 172, 173 (Ga. 2010)

In accordance with Georgia law, the state filed a notice of intent to seek the death penalty eighteen days after Petitioner was indicted. (Doc. no. 20-3, pp. 12-14.) Petitioner subsequently waived his right to a trial by jury in exchange for the prosecution waiving its right to seek the death penalty. (Doc. no. 11-2, pp. 44-48.) Accordingly, Petitioner had a bench trial before Chief Judge Roger W. Dunaway, Jr. of the Toombs Judicial Circuit. (Doc. no. 11-3, p. 41.) Petitioner was represented by Joseph Romond and Joseph Vigneri of the Georgia Capital Defender's Office at the trial. (Id. at 50.)

The trial court found Petitioner guilty on all counts on August 19, 2009 and sentenced him the next day to life imprisonment without parole for malice murder, life imprisonment for rape, fifteen years for aggravated sodomy, fifteen years for aggravated battery, and ten years for concealing the death of another. (Id. at 22, 25, 27.) Petitioner was not sentenced for felony murder and aggravated assault because those two counts merged into the count of malice murder. (See doc. no. 15-1, p. 44.)

On September 10, 2009, Petitioner filed a motion for new trial which he amended with an

ineffective assistance of trial counsel claim after the appointment of Sara E. Meyers as new counsel. (Id. at 28-34; Doc. no. 20-1, p. 24.) Petitioner claimed that a new trial was necessary because (1) the verdict was against the weight of the evidence; (2) the verdict was contrary to law and principles of justice and equity; (3) the evidence was sufficiently close to warrant a new trial; (4) the court committed an error of law warranting a new trial; (5) the sentence imposed was improper and excessive; and (6) trial counsel was ineffective. (Id. at 32.) The trial court denied the motion. (Id. at 40.)

Ms. Meyers, representing Petitioner on direct appeal to the Supreme Court of Georgia, raised the following enumerations of error:

> (1)    The trial court erred when it admitted Petitioner's taped confession into evidence;

> (2)    The weight of the evidence is not sufficient to support the verdict.

(Doc. no. 19-1, p. 42.) Because Petitioner was convicted of murder, the Supreme Court of Georgia had exclusive jurisdiction over his appeal. See Ga. Const. art. VI, § 6, ¶ III(8). On October 10, 2010, the Supreme Court of Georgia rejected Petitioner's contentions and affirmed his convictions. See Samuels, 701 S.E.2d at 173.

Petitioner filed a state habeas corpus petition *pro se* on December 2, 2010 in Ware County alleging the following grounds for relief:

> (1)    The sentence imposed for malice murder and rape violates O.C.G.A. § 17-10-7(c).

> (2)    A fifteen-year sentence for aggravated sodomy is not allowed under O.C.G.A. § 16-6-2.

> (3)    Petitioner was wrongly denied a mental evaluation after the state's notice of intent to seek the death penalty.

(4) Appellate counsel was ineffective and incompetent.

    a) Appellate counsel erred in focusing on admittance of the custodial statement.

    b) Appellate counsel failed to attack the bench trial.

    c) Appellate counsel failed to raise ineffective assistance of trial counsel.

    d) Appellate counsel failed to raise the arguments in grounds one, two, and three of Petitioner's state habeas petition.

(Id. at 6-8.) Evidentiary hearings were conducted on August 11, 2011 and November 10, 2011, and appellate counsel testified at the August hearing. (Doc. no. 19-1, p. 1; doc. no. 20-1, pp. 2, 23.) The state habeas court denied relief in a final order filed on April 16, 2012. (Doc. no. 10-2.)

On May 8, 2012, Petitioner filed a certificate of probable cause to appeal with the Georgia Supreme Court, seeking review of the state habeas court's decision. See SUPREME CT. GA., (Dec. 10, 2014), http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S12H1456. On January 1, 2013, Petitioner filed a § 2254 petition that this Court dismissed without prejudice because Petitioner's application for a certificate of probable cause was still pending. Samuels v. Johnson, CV 113-015, doc. nos. 1, 5 (S.D. Ga. Jan. 25, 2013). The Georgia Supreme Court denied the certificate on May 6, 2013. (Doc. no. 10-3.)

Petitioner timely filed the above-captioned § 2254 petition *pro se* on October 9, 2013. (Doc. no. 1.) In the operative amended petition, Petitioner raised the following grounds for relief:

    I. The trial court's sentence of life without parole for malice murder is illegal.

a) The sentence violates the Eighth and Fourteenth Amendments and corresponding provisions of the Georgia Constitution.

b) The trial court improperly applied O.C.G.A. §§ 17-10-16, -30, -30.1 when sentencing him to life without parole.

II. Petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment and Article 1, Section 1, Paragraph XIV of the Georgia Constitution.

a) Trial counsel failed to request a mental competency hearing or mental health evaluation.

b) Trial counsel failed to object to his sentence of life without parole.

III. Petitioner received ineffective assistance of appellate counsel under the 6th and 14th Amendments.

a) Appellate counsel failed to raise the aforementioned grounds on direct appeal.

b) Appellate counsel failed to attack unspecified elements of his bench trial.

(See generally doc. no. 8-1, pp. 2-7; doc. no. 9.)

## II. STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (quoting Richter, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Richter, 131 S. Ct. at 786-87 (petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was

correct.  <u>Evans v. Sec'y, Dep't of Corr.</u>, 703 F.3d 1316, 1325 (11th Cir. 2013) *cert. denied*, 133 S. Ct. 2742 (2013).  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  <u>Cullen</u>, 131 S. Ct. at 1398.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); <u>see also</u> <u>Wood v. Allen</u>, 558 U.S. 290, 301 (2010) (explaining that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  (internal citation and punctuation omitted)).  Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence."  <u>See also</u> <u>Reese v. Sec'y, Fla. Dep't of Corr.</u>, 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.") (internal quotation marks omitted).

## III.  DISCUSSION

### A.  Petitioner Procedurally Defaulted the Claims in Grounds I and II That His Sentence of Life without Parole Is Illegal and He Received Ineffective Assistance of Trial Counsel.

#### 1.  A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could

have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.  "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment."  Boyd v. Comm'r, Alabama Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine.

Id. at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 131 S. Ct. 1120, 1125 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999). To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999).

Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."); see also Waldrip v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default[.]"). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2. Petitioner's Claim of an Illegal Sentence in Ground I Is Procedurally Defaulted.

In Ground I(a), Petitioner argues that the trial court's sentence of life without parole violates the Eighth and Fourteenth Amendments and the corresponding provisions of the Georgia Constitution. (Doc. no. 8-1, p. 2.) Respondent argues the claim in Ground I(a) was not raised in the state habeas proceeding and thus, is procedurally defaulted under O.C.G.A. § 9-14-51. (Doc. no. 27-1, p. 4.) Georgia law prohibits the assertion of claims in any successive petition that

could have reasonably been asserted in the original state habeas petition. O.C.G.A. § 9-14-51. A review of the state habeas petition shows that Petitioner failed to raise this claim in the state habeas proceeding. (See generally doc. no. 10-1.) Here, the state and federal constitutional arguments regarding the sentence's legality were available at the time of Petitioner's sentence, direct appeal, and original state habeas petition. As it is clear that any attempt to bring this claim would be treated as defaulted by a Georgia state court under O.C.G.A. § 9-14-51, the Court can treat this claim in Ground I(a) as now barred by state law and providing no basis for federal habeas relief. See Snowden, 135 F.3d at 736.

In Ground I(b), Petitioner argues that the trial court violated O.C.G.A. §§ 17-10-16, -30, -30.1 in sentencing Petitioner to life without parole when he was not facing the death penalty. (Id.) O.C.G.A. § 17-10-16 allows life imprisonment without parole as a sentence where the death penalty is authorized. O.C.G.A. § 17-10-30.1, which was repealed in 2009, allowed life imprisonment without parole in a murder case where statutory aggravating circumstances were present, and O.C.G.A. § 17-10-30 outlines specific aggravating circumstances. Petitioner claims that the notice of intent to seek the death penalty was voided under those statutes and State v. Ingram, 467 S.E.2d 523 (Ga. 1996), when the state relinquished the possibility of the death penalty as a sentencing option. (Doc. no. 9, p. 8.)

Respondent argues that Ground I(b) is procedurally defaulted, as found by the state habeas court under O.C.G.A § 9-14-48(d), because it was not timely raised at trial and on direct appeal. Respondent submits that this finding by the state habeas court should receive deference under Coleman v. Thompson, 501 U.S. 722 (1991). In the state habeas proceeding, Petitioner claimed that his sentence of life without parole for malice murder was invalid under O.C.G.A

§17-10-7(c). (Doc. no. 10-1, p. 6.) Because this code section concerns sentencing for repeat offenders and not life sentences, it is clear that Petitioner mistakenly cited this code section and intended to rely on O.C.G.A. §§ 17-10-30, -30.1, -16. Indeed, the state court's decision references O.C.G.A. §§ 17-10-30, -30.1, -16 despite Petitioner's citation of O.C.G.A §17-10-7(c). (Doc. no. 10-2, p. 10.)

The state habeas court found that this claim was procedurally barred under O.C.GA § 9-14-48(d) because Petitioner did not raise the claim on direct appeal and alleged neither prejudice nor cause for not doing so. See Gaither v. Gibby, 475 S.E.2d 603, 604 (Ga. 1996). Petitioner now claims again that his sentence of life imprisonment without parole is invalid under the same code sections, i.e. O.C.G.A. §§ 17-10-30,-30.1, -16. Because the state court clearly relied on O.C.GA § 9-14-48(d) and applied it properly when finding this claim to be procedurally barred, the Court must defer to this ruling that was based on independent and adequate state law grounds. See Boyd, 697 F.3d at 1336. Accordingly, the Court hereby finds that Petitioner procedurally defaulted Ground I(b) of the federal habeas petition.

### 3. Petitioner's Claim of Ineffective Trial Counsel in Ground II Is Procedurally Defaulted.

In Ground II, Petitioner claims that he received ineffective assistance of counsel at trial in violation of the Sixth Amendment and the corresponding provision of the Georgia Constitution because trial counsel failed to request a mental health evaluation and object to his allegedly illegal sentence. (Doc. no. 8-1, pp. at 3-4.; doc. no. 9, pp. 11-12.) Petitioner's ineffective assistance of trial counsel claims in Ground II are procedurally defaulted under O.C.G.A. § 9-14-51 because Petitioner failed to make them in his state habeas petition, wherein he only alleged ineffective assistance of appellate counsel. (See doc. no. 10-1); Snowden. 135 F.3d at 736;

Chambers, 150 F.3d at 1327.

### 4. Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claims in Grounds I or II, and the Miscarriage of Justice Exception Does Not Apply.

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (internal quotation marks omitted). "Once cause is proved, a petitioner also must prove prejudice. He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner cursorily cites Black v. Hardin, 336 S.E. 2d 754 (Ga. 1985), and Terry v. Hamrick, 663 S.E.2d 256,(2008), as excusing his procedural default of the illegal sentencing claims in Grounds I(a) and I(b). (See doc. no. 9, p. 9.) These two inapposite state law cases, however, do not demonstrate cause or prejudice for failure to bring his illegal sentence claim because they do not even address excusing a procedural default. Petitioner also argues that ineffective assistance of trial counsel excuses his default, but as petitioner was represented by different counsel on appeal, ineffective assistance of counsel at the trial level would not excuse his failure to bring his claims on appeal. Petitioner also argues that a constitutionally defective trial is "ipso facto a demonstration of cause and prejudice," (doc. no. 9, p. 9.), but errors at the trial level

would have no bearing on his ability to bring his claims on appeal and at the state habeas level. Thus, these contentions have no merit.

Petitioner also claims that his procedural default as to Grounds II(a) and II(b), alleging ineffective assistance of trial counsel, is excused by Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013), but provides no further explanation for this contention. Under Martinez v. Ryan, 132 S. Ct. 1309 (2012), cause for a procedural default exists where (1) the claim of ineffective assistance of trial counsel is a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding." 132 S. Ct. at 1318-1319, 1320-1321. Because Petitioner does not have a substantial claim, the Court will not address the other three prongs of Martinez.

Martinez and Trevino require that the ineffective assistance of trial counsel be a "substantial claim" which necessitates a substantial showing of the denial of a constitutional right. 132 S. Ct. at 1318; Hittson v. GDCP Warden, 759 F.3d 1210, 1269 (11th Cir. 2014). Here, Grounds II(a) and II(b) are not substantial claims because there simply is no evidence that he has been denied his Sixth Amendment right to trial counsel. Strickland requires that professional errors by counsel undermine confidence in the outcome of the trial to constitute prejudice. Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1300 (11th Cir. 2013). As discussed infra § III.B.2.a, there is no prejudice from trial counsel's failure to object to Petitioner's sentence because the procedure and sentence were valid under O.C.G.A. §§ 17-10-

16, -30, -30.1 and <u>Ingram</u>, 467 S.E.2d at 523.  (<u>See</u> doc. no. 10-2, pp. 10-11.)  Petitioner also suffered no prejudice from the lack of a psychological evaluation because, as discussed *infra* §

III.B.2.a, there was no evidence of mental illness.  As Petitioner's claims in Ground II of ineffective assistance of trial counsel are not substantial, <u>Martinez</u> and <u>Trevino</u> do not apply, and Petitioner's procedural default is not excused.

 "Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice."  <u>Jones</u>, 436 F.3d at 1304 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)).  The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime.  <u>Murray</u>, 477 U.S. at 496.  Petitioner does not submit any evidence that he is probably innocent of the crimes for which has been convicted.  To the contrary, the weight of the evidence supports his conviction.

In sum, Petitioner does not make the requisite showing of cause and prejudice as to his claim of an illegal sentence under Grounds I(a) and I(b) and his claims of ineffective trial counsel in Grounds II(a) and II(b).  Petitioner is not excused for the procedural default as to Grounds II(a) and II(b) under <u>Martinez</u> and <u>Trevino</u> because Petitioner's ineffective assistance of trial counsel claims are not substantial.  Additionally, Petitioner has not put forth any evidence sufficient to trigger the fundamental miscarriage of justice exception.  Thus, the entirety of Grounds I and II of Petitioner's amended § 2254 petition are procedurally defaulted.

**B.    Pursuant to AEDPA, This Court Defers to the State Court's Decision Denying Petitioner's Ineffective Appellate Counsel Claims in Ground III.**

   **1.    Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims**.

Ineffective assistance of appellate counsel claims are subject to the same two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009). Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [trial] counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

The Court's analysis is further guided by the principle that appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992). Nor does the Sixth Amendment require appellate advocates to

raise every non-frivolous issue. Philmore, 575 F.3d at 1264. Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985); see Brooks, 719 F.3d at 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, the petitioner must show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694) (internal citation omitted). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for the Dep't of Corr., 638 F.3d 739, 748 (11th Cir.

2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable").  "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly."  Bell, 535 U.S. 685 at 699.  Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem review is doubly so."  Richter, 131 S. Ct. at 788 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas").  Put another way, "[t]he Strickland standard is a general one, so the range of reasonable applications is substantial."  Richter, 131 S. Ct. at 788

        **2.**     **The State Court's Application of Strickland to Ground III Was Not Objectively Unreasonable.**

Petitioner argues in Ground III of his amended § 2254 petition that his appellate counsel was ineffective because she failed to raise ineffective assistance of trial counsel as a ground for relief on appeal, despite Petitioner pointing out his arguments that his sentence was illegal and he failed to receive a mental evaluation.  (Doc. no. 8-1, pp. 6-7).  In his brief supporting the amended petition, Petitioner argues that appellate counsel was ineffective in failing to (1) raise the ineffective assistance of trial counsel claim; (2) attack unspecified elements of the bench trial; (3) raise the grounds in his amended petition; and (4) preserve these arguments by raising them on appeal.  (Doc. no. 9, pp. 13-15.)  Petitioner further argues that without such unprofessional errors by appellate counsel, there is a reasonable probability that the results of the proceeding would have been different.  (Id. at 15.)

At the state habeas court's evidentiary hearing, Petitioner's experienced appellate counsel, Ms. Sara Meyers, testified she had handled ten felony trials, hundreds of criminal guilty pleas, approximately ten appeals, and practiced solely criminal defense since the time she began practicing. (Doc. no. 10-1, pp. 24-25.) With regards to Petitioner, Ms. Meyers explained that she reviewed the entire trial transcript in detail, did not see an issue of trial counsel ineffectiveness, and concluded that trial counsel were effective in doing their job. (Doc. no. 20-1, pp. 25, 27, 28.) Based on her review of the transcript and discussions with trial counsel and Petitioner, Ms. Meyers determined that the most viable issue on appeal was the admission of Petitioner's confession. (Id. at 25-27.) Ms. Meyers testified that she never considered the illegal sentence claim a viable one because she concluded that "the sentence was legal, and the judge followed the law." (Id. at 27, 32, 44-45.) Ms. Meyers also considered the bench trial procedure but found that it did not present a viable argument on appeal. (See id. at 28.) When cross-examined by Petitioner concerning the legality of the sentencing under the Georgia statutes for life without parole, Ms. Meyers correctly stated, as explained _infra_ § III.B.2.a, that life without parole was still a sentencing option notwithstanding the state's waiver of the right to seek the death penalty at trial. (Id. at 45.) Simply put, Petitioner's appellate counsel testified that, based upon her thorough research and review of Petitioner's trial, she believed that she brought the most feasible claims on appeal. The habeas court agreed and properly found that Petitioner did not satisfy either prong of Strickland.

### a. Failure to Raise Ineffective Assistance of Trial Counsel

Petitioner argues Ms. Meyers was ineffective in not raising on direct appeal the ineffectiveness of trial counsel in not securing a mental evaluation and attacking his purportedly

illegal sentence. (Doc. no. 9, p. 11.) The state habeas court found that Petitioner did not meet either prong of <u>Strickland</u>. (<u>Id.</u> at 12.) Consequently, this adjudication on the merits warrants the deferential standard of review prescribed by § 2254(d). <u>See</u> <u>Blankenship v. Hall</u>, 542 F.3d 1253, 1271 (11th Cir. 2008)

Concerning Ms. Meyers' decision to not attack trial counsel's failure to challenge his sentence, the state habeas court correctly found that there were no issues to appeal because the trial court followed the correct procedure under O.C.G.A. §§ 17-10-30,-30.1, -16. (<u>Id.</u> at 10-11.) Under <u>Ingram</u>, 467 S.E. 2d 523, and the above-cited statutes at the time of conviction, the trial judge could impose a sentence of life imprisonment without the possibility of parole when (1) the crime was murder; (2) there were statutory aggravating circumstances; (3) the state filed a notice of intent to seek the death penalty; and (4) there were no other state or federal laws that prevented the imposition of a death sentence.[1] <u>See</u> <u>Moore v. State</u>, 749 S.E.2d 660, 662 (2013) (finding that life without parole could not be imposed upon a minor because it would be unconstitutional to impose the death penalty). All four requirements were satisfied in Petitioner's case because (1) the crime was murder; (2) aggravated battery constituted the aggravating circumstance; (3) the state filed a notice of intent to seek the death penalty; and (4) no other state or federal law prevented the imposition of the death penalty. (<u>See</u> doc. no. 11-3, p. 23; O.C.G.A. § 17-10-30.) Accordingly, Petitioner was convicted of a crime for which the death penalty could have been imposed under Georgia law

---

[1] This framework was subsequently repealed, and life without parole is now authorized for murder without the state having to first seek the death penalty. <u>See</u> <u>Willams v. State</u>, 727 S.E. 2d 95 (Ga. 2012).

Petitioner argues that life without parole was not an option "for persons convicted independently of a death penalty prosecution" and that the state voided the notice of intent when it waived the death penalty in exchange for Petitioner waiving his right to jury trial. (Id. at 6, 8.) At the heart of Petitioner's argument is the contention that Ingram requires the state to continue seeking the death penalty in all stages of the prosecution in order for life without parole to be imposed. (Id.) Ingram, however, only mandated that the government file a notice of intent to seek the death penalty in accordance with the Georgia Uniform Superior Court Rules and O.C.G.A. § 17-10-32.1. The notice of intent is simply a procedural device to ensure the state gives notice prior to trial that it is seeking the death penalty and of the statutory aggravators that would be used to support a death sentence. See Terrell v. State, 572 S.E.2d 595, 602 (2002); Ga. R. Unified App. II.C. Petitioner received the full benefit of this procedural device required by Ingram because it is undisputed that the prosecution, did in fact, file a notice of intent to seek the death penalty with the specific aggravating factors it sought to use. (Doc. no. 20-3; pp. 12-14.)

Petitioner also argues that O.C.G.A. § 17-10-31.1 requires a jury trial for a sentence of life imprisonment without parole.[2] (Doc. no. 9, p. 7.) However, this statute only outlines the procedures required for imposing life without parole in a jury trial and does not state that such a sentence cannot be imposed in a bench trial. More importantly, O.C.G.A. § 17-10-30.1 states that "[i]n nonjury cases the judge shall make such designation" of which statutory aggravating circumstances it finds beyond a reasonable doubt. The statute further provides that life without parole can be imposed when the court finds such statutory aggravating circumstances in a

---

[2] This particular argument was not raised in the state habeas court and is procedurally defaulted under O.C.G.A § 9-14-51. See Snowden. 135 F.3d at 736; Chambers, 150 F.3d at 1327.

nonjury trial.  See O.C.G.A. § 17-10-30.1(a).  Thus, in direct contradiction to Petitioner's argument, Georgia law provides that a judge can impose life without parole as a sentence rather than a jury.

There is no merit to Petitioner's contention that his agreement with the prosecution nullified the prosecution's notice of intent to seek the death penalty and waived the prosecution's right to seek life without parole in the bench trial.  In direct conflict with this contention, Petitioner confirmed by signing the agreement that "if I am found guilty, the sentencing options available to the court will be life imprisonment with the possibility of parole, or life without the possibility of parole."  (Doc. no. 11-2, p. 47, ¶ 7.)

For all of these reasons, the state habeas court correctly determined that Petitioner's sentence of life without parole does not violate O.C.G.A. §§ 17-10-30,-30.1, -16, and this determination is certainly not contrary to or an unreasonable application of Strickland.

There is also no merit to Petitioner's criticism of Ms. Meyers' decision to not attack trial counsel's failure to request a mental evaluation.  The state habeas court correctly rejected this claim under Strickland.  (Doc. no. 10-2, p. 9.)  Petitioner's only argument is that trial counsel "knew he was facing the death penalty and that he suffered under the threat of a death penalty prosecution for over 30 month without his attorneys ensuring that he receive a mental health evaluation [sic] . . . ."  (Doc. no. 8-1, p. 4; see doc. no. 9, p. 4.)

Under Pate v. Robinson, 383 U.S. 375 (1966), there must be a bona fide doubt as to a defendant's competence to stand trial in order for an inquiry to be required by due process. See Johnston v. Singletary, 162 F.3d 630, 635 (11th Cir. 1998).  Mere stress from facing the death penalty does not amount to incompetence or raise a bona fide doubt about Petitioner's ability to

help trial counsel and understand the charges against him. Moreover, merely facing the death penalty does not present compelling evidence requiring the assistance of a mental health expert in presenting an insanity defense. See Bertolotti v. Dugger, 883 F.2d 1503, 1511 (11th Cir. 1989) (holding that defense counsel confronted with less than compelling evidence of mental instability is not required to move beyond preliminary inquiry into insanity defense and actually seek assistance of an expert). Given the lack of evidence as to any type of mental illness, the state habeas court was correct in rejecting this claim, and its decision was not contrary to or an unreasonable application of Strickland. See Blankenship, 542 F.3d at 1272.

In addition, Petitioner's more general claim that Ms. Meyers was ineffective in failing to attack trial counsel's performance is without merit. Rejecting Petitioner's ineffective assistance of appellate counsel claim, the state habeas court determined that Ms. Meyers "communicated with her client throughout the appeal process, decided which issues to raise by reviewing the trial court record and transcript, interviewed trial counsel, and sought input from Petitioner." (Doc. no. 10-2, p. 6.) Furthermore, the state habeas court found that Ms. Meyers raised the most meritorious issue she could identify on appeal in challenging Petitioner's confession. (See id.) Ultimately, the state habeas court concluded that Petitioner had failed to satisfy either prong of Strickland as to his claims of ineffective assistance of appellate counsel. (Id. at 12.) The state habeas court's decision on this ground was not contrary to or an unreasonable application of Strickland. Indeed, as detailed in supra § III.B.2, Ms. Meyers thoroughly reviewed the record, interviewed Petitioner and defense counsel, and exercised sound judgment in identifying meritorious arguments and rejecting weak arguments suggested by Petitioner.

### b. Failure to Challenge Petitioner's Sentence

Petitioner also argues that Ms. Meyers was deficient in not raising the three grounds that he has raised in his current habeas petition on appeal, including that his sentence of life imprisonment without parole was illegally imposed. (Doc. no. 9, pp. 6-9.) Although similar to Petitioner's claim that Ms. Meyers was ineffective for not challenging trial counsel's performance, this claim directly attacks Ms. Meyer's failure to argue against Petitioner's sentence on appeal. However, this claim fails for the same reason as Petitioner's claim of ineffective assistance of trial counsel. As discussed *supra* § III.B.2.a, the state habeas court correctly found that the trial court did not run afoul of Georgia law when imposing Petitioner's life sentence and that Ms. Meyers was not ineffective for deciding to not raise this argument on appeal. (Doc. no. 10-2, pp. 10-11.) Consequently, the state habeas court's decision on this issue was not contrary to or an unreasonable application of <u>Strickland</u>.

### c. Failure to Attack the Bench Trial

Petitioner argued in his state habeas petition that appellate counsel was ineffective in failing to attack the bench trial. (Doc. no. 10-1, p. 7.) The state habeas court found that Ms. Meyers considered this issue but found it unworthy of raising on appeal. (<u>See</u> doc. no. 10-2, p. 6.) The state habeas court further found Ms. Meyers' decision to not raise the objection to be reasonable and that Petitioner had not shown a reasonable probability of success on appeal had Ms. Meyers asserted the objection. (<u>See</u> <u>id.</u>, p. 9.) Accordingly, this adjudication on the merits warrants the deferential standard of review prescribed by § 2254(d). <u>See</u> <u>Blankenship</u>, 542 F.3d at 1271.

The Court finds that the state habeas court's ruling was not contrary to or an unreasonable application of <u>Strickland</u>. Indeed, Petitioner executed a written waiver of his right to a jury trial with the prosecution that was approved by the state trial court. (Doc. no. 11-2, pp. 43-48.) Petitioner waived this right in exchange for having the death penalty withdrawn as a sentencing option. (<u>Id.</u>) Petitioner does not allege that his waiver of the jury trial was involuntary or unknowing. <u>See</u> <u>United States v. Diaz</u>, 540 F.3d 1316, 1321 (11th Cir. 2008) (requiring express, intelligent consent for waiving the Sixth Amendment right to a jury trial).

### d. Failure to Preserve Claims

Lastly, Petitioner argues that Ms. Meyers was deficient in not bringing on direct appeal the claims he now raises in his federal habeas petition, so that they would have been preserved for habeas review. (Doc. no. 9, p. 15.) The state habeas court found Petitioner's claim that Ms. Meyers was ineffective for not bringing the claims raised in his state habeas petition, which are almost identical to those raised now, failed to meet either prong of <u>Strickland</u>. (Doc. no. 10-2, pp. 5, 12.) Thus, this adjudication on the merits warrants the deferential standard of review prescribed by § 2254(d).

As discussed *supra* §§ III.B.2.a-c, the state court found that Ms. Meyers' representation did not fall below the objective standard of reasonableness in not bringing the claims raised in his habeas petition because those claims had no merit. (<u>See</u> doc. no. 10-2, pp. 5-12.) As the claims did not have merit, Ms. Meyers was not obligated to bring the claims on appeal simply to preserve them for habeas review. <u>See</u> <u>Nyhuis</u>, 211 F.3d at 1344. The state habeas court also found that Petitioner was not prejudiced by Ms. Meyers' decision not to bring these claims. (<u>See</u> doc. no. 10-2, p 12.) It must also follow that Petitioner's inability to bring such claims due to a

procedural default also results in no prejudice because he would be unlikely to prevail on such claims in a habeas proceeding. Because the state habeas court's decision on this claim was not contrary to or an unreasonable application of <u>Strickland</u> as explained in *supra* §§ III.B.2.a-c, the state court's decision warrants deference, and § 2254 relief is unwarranted.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 10th day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA